UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENJAMIN SHADLEY )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>RALPH SCALA, JR. and )<br>J&R SHUGEL TRUCKING, INC., )<br>    Defendants. ) | CAUSE NO.: 2:20-CV-44-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Leave to File First Amended Complaint for Damages [DE 17]. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). And when a plaintiff "voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *see also Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed") (citing *Rockwell*).

Previously, Defendants' Notice of Removal asserted jurisdiction over this action based on diversity of citizenship (ECF No. 1), but Plaintiff's proposed First Amended Complaint (ECF No. 17-1) lacks similar allegations. For the Court to have diversity jurisdiction, no Defendant may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than $75,000. 28 U.S.C. § 1332. Plaintiff must therefore allege the amount in controversy and properly allege the citizenship of all parties for purposes of diversity jurisdiction to determine whether such jurisdiction exists. (ECF No. 24, ¶¶ 4, 6). For the individual parties (Plaintiff Benjamin Shadley and Defendant Ralph Scala, Jr.), Plaintiff must allege the citizenship of each based on their

domicile (not their residence), "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). For the corporate defendant (J&R Shugel Trucking, Inc.), Plaintiff must allege its state of incorporation and principal place of business. 28 U.S.C. 1332(c)(1).

Given the importance of determining the Court's jurisdiction over Plaintiff's proposed First Amended Complaint, Plaintiff must allege the amount in controversy and the citizenship of Plaintiff and both Defendants for purposes of diversity jurisdiction. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **April 7, 2021**, a supplemental jurisdictional statement providing such information for his proposed First Amended Complaint [DE 17-1].

So ORDERED this 24th day of March, 2021.

                                         s/ Joshua P. Kolar
                                         MAGISTRATE JUDGE JOSHUA P. KOLAR
                                         UNITED STATES DISTRICT COURT